IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

GAYLON R. HARMAN,

        Petitioner,
  vs.                            **Case No. 07-3263-RDR**

STATE OF KANSAS;
KANSAS ATTORNEY GENERAL;
and DAVID McKUNE, Warden,
Lansing Correctional
Facility,
        Respondents.

_____

**MEMORANDUM AND ORDER**

    This matter is presently before the court upon petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

    Petitioner was convicted in the District Court of Barton County, Kansas of the lesser included offense of second degree intentional murder in violation of K.S.A. 21-3402(a) on October 6, 2003. His conviction was affirmed by the Kansas Court of Appeals. State v. Harman, 139 P.3d 787 (Kan.App. 2006). On direct appeal, petitioner raised the following claims: (1) the trial court erred in admitting gruesome photographs of the victim's body; (2) the trial court erred in failing to instruct the jury on the lesser included crime of involuntary manslaughter; and (3) the trial court

erred in failing to instruct the jury on the lesser included offense of voluntary manslaughter--heat of passion. The Kansas Supreme Court denied review on November 8, 2006. Petitioner filed the instant petition in this court on October 17, 2007. He argues only that the trial court erred in refusing to instruct on the lesser included offense of voluntary manslaughter.

II.

A writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from

this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

### III.

Petitioner claims that his constitutional right to a fair trial was violated by the trial court's failure to instruct the jury on the lesser included offense of voluntary manslaughter--heat of passion. As respondents observe, this point of contention is of no avail. In non-capital cases, neither the Tenth Circuit nor the United States Supreme Court has held that a defendant has a constitutional right to an instruction on lesser included offenses. Beck v. Alabama, 447 U.S. 625, 638 n. 14 (1980); Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004). Federal habeas courts may not even review lesser included offenses arguments. Dockins, 374 F.3d at 938; Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1988). Accordingly, petitioner's application for a writ of habeas corpus must be denied.

**IT IS THEREFORE ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1) be hereby denied.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge